TORBERT, Chief Justice
(dissenting).
Appellants were denied a fair hearing before the Alabama Public Service Commission (APSC); therefore, I would reverse the order of the APSC.
The technical reading and application of the individual rules in the Rules of Practice of the Alabama Public Service Commission (“RPAPSC”) given them in the majority opinion may support the majority’s holding affirming the order. However, that result flies in the face of the spirit of those rules.
The provisions of the Alabama Administrative Procedure Act (“AAPA”), Code 1975, § 41-22-1 et seq., do not apply to proceedings before the APSC. Code 1975, § 41-22-3(1). The reason for the exclusion is apparently because the APSC had preexisting statutory authority to promulgate rules to govern its proceedings. Code 1975, § 37-1-38. The APSC has promulgated the RPAPSC. The application of those rules is at issue in this case.
*193 Having said that, I would note that the general philosophy behind the adoption of the AAPA is applicable to the rules of the APSC; that general philosophy is that entities affected by actions of an administrative agency have certain procedural rights in order to ensure that they get a fair decision from the agency’s quasi-judicial proceeding. Code 1975, §§ .41-22-2, 41-22-25. Continental Telephone Company of the South v. Alabama Public Service Commission, 427 So.2d 981 (Ala.1982).
It is evident from even a quick examination of the applicable statutes and rules that the procedure set up contemplates that there will be a hearing (Code 1975, § 37-1-85; Rule 15), at which all affected persons will be heard (Code 1975, § 37-1-88; Rules 8, 15) and that the decision should be based upon the evidence presented (Code 1975, § 37-1-89; Rule 17).
The majority concludes that the requirements of Rule 20 need not be met in this case because Judge Evans was not appointed as a hearing examiner and the commissioners were present; the majority says that the requirements of Rule 20 did not come into play. While it is true that Judge Evans was not expressly appointed as a hearing examiner, he was apparently a de facto hearing examiner. He heard all the evidence and issued a report that at least one commissioner sought to adopt. The majority opinion’s rationale for sanctioning noncompliance with Rule 20 would be valid if in fact the commissioners had attended all the hearings [1]. Under these circumstances, the majority’s rationale is inapplicable, and the failure to give the parties notice of the recommendations and an opportunity to file exceptions violates the spirit, if not the letter, of the rules.
In concluding that no violation of Rule 17(D) took place, the majority opinion correctly notes that the oath or affirmation need be given only to a witness who speaks at a “formal hearing.” Because the statements, advice, or counsel of Commissioner Martin’s friend took place outside of a formal hearing, the majority concludes that no violation took place. To reach this conclusion, one must ignore the general focus of not only Rule 17, but also Rule 25, and Code 1975, §§ 37-1-83 and 37-1-89. Of course, Rule 17(D) puts the requirement of submitting to an oath or affirmation only on those speaking in a formal hearing because no one conceived that statements relied upon by the commission to reach a decision would be received outside of a formal hearing. Rule 25 specifically prohibits ex parte communications. While the party who had the conversation with Commissioner Martin may not technically fall within Rule 25’s prohibition because he apparently was not a party or a representative of a party, it is clear, once again, that a violation of at least the spirit of the rules occurred.
In conclusion, considering all of the violations that took place, I am of the opinion that the appellants did not get the full and fair hearing that is contemplated. Therefore, I would reverse the order of the APSC.
JONES, J., concurs.

. The record does not reflect the actual attendance, but no one disputes the fact that they did not attend all the hearings.